# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **UNITED STATES OF AMERICA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 20-378** |
| **REACHOUT HEALTHCARE AMERICA, LTD.** | |

---

## COMPLAINT

---

The United States of America brings this Complaint for breach of contract against ReachOut Healthcare America, Ltd. ("ReachOut"). The United States alleges that ReachOut has materially failed to comply with its obligations under the February 27, 2020, Settlement Agreement (the "Settlement Agreement) between the United States and ReachOut, which resolved the civil action captioned *United States ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*, Civil Action No. 13-422-JWD-RLB, in the United States District Court for the Middle District of Louisiana. The United States is therefore entitled to its damages resulting from ReachOut's breach and all other remedies available in law and equity. In support of this Complaint, the United States represents:

### PARTIES

1.      The United States brings this lawsuit on its own behalf and on behalf of the United States Department of Health and Human Services ("HHS"), and HHS's component agency, the Centers for Medicare and Medicaid Services ("CMS").

2.      On information and belief, ReachOut Healthcare America, Ltd., is a Delaware corporation with a principal place of business at 33533 W. Twelve Mile Rd., Suite 150, Farmington Hills, MI 48331.

## JURISDICTION AND VENUE

3.     The Court has subject-matter jurisdiction over all claims in this matter under 28 U.S.C. §§ 1331, 1345.

4.     The Court may exercise personal jurisdiction over ReachOut because ReachOut has minimum contacts with the State of Louisiana that are related to the United States' claims in this matter.  *See* Fed. R. Civ. P. 4(k)(1)(A); *cf.* La. Code Civ. Proc. art. 6(A)-(B).  Further, ReachOut has consented to the jurisdiction of the U.S. District Court for the Middle District of Louisiana with regard to all disputes arising from the Settlement Agreement.  *See* **Exhibit A**, Settlement Agreement ¶ 23.

5.     Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the United States' claims occurred in this district. Venue is also proper in this district pursuant to the forum selection clause in the Settlement Agreement, which specifies that "[t]he exclusive jurisdiction and venue for any dispute relating to this agreement is the United States District Court for the Middle District of Louisiana."  *See* **Exhibit A**, Settlement Agreement ¶ 23.

## FACTUAL ALLEGATIONS

6.     On June 28, 2013, Desirae Loupe initiated a civil qui tam action as a relator on behalf of the United States, pursuant to the federal False Claims Act, 31 U.S.C. § 3729 *et seq.*, against ReachOut, Dr. Elliot Schlang, and Dr. Gregory Folse.  *See United States ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*, Civil Action No. 13-422-JWD-RLB (M.D. La.).

7.     Ms. Loupe's complaint alleged that ReachOut, Dr. Schlang, and Dr. Folse defrauded the Louisiana Medicaid Program between October 1, 2008, and September 2, 2014, by submitting false or fraudulent claims for payment for medically unnecessary and substandard

periapical dental x-rays, medically unnecessary dental crowns, and medically unnecessary dental spacers; and for incentivizing that unnecessary dental work and the false or fraudulent billings through a bonus program for dentists and dental team members in Louisiana.

8.      On June 1, 2020, the United States noticed its intention to intervene in the qui tam action for the limited purpose of settlement.  In its intervention notice, the Government notified the Court that it had reached a settlement with the defendants that had resolved all claims in that matter.

9.      The United States filed a notice of dismissal of its claims in the qui tam action on June 12, 2020.  That action was closed on June 16, 2020.

10.     On February 27, 2020, the United States and ReachOut executed a Settlement Agreement, attached as **Exhibit A** and incorporated herein, to resolve the aforementioned qui tam matter.

11.     Under the Settlement Agreement, ReachOut—as a joint and several obligation with Dr. Folse and Dr. Schlang—agreed to pay $1.262 million, plus interest at the annual rate of 1.750% from the effective date of the Settlement Agreement, to the United States in exchange for a release of certain civil and administrative claims of the Government.  *See* **Exhibit A**, Settlement Agreement ¶¶ 1-6.

12.     Full payment of the amounts owed under the Settlement Agreement was due on March 31, 2020.  *See* **Exhibit A**, Settlement Agreement ¶ 1.

13.     On March 30, 2020, ReachOut made a partial payment of $262,000 to the United States.  It has made no further payments to the United States to-date.

14.     Pursuant to Paragraph 12 of the Settlement Agreement, ReachOut defaulted on its payment obligations under the Settlement Agreement on April 14, 2020—i.e., ten business days after full payment was due.

15.     On April 15, 2020, the United States sent ReachOut a Notice of Default, which informed ReachOut that the Government considers ReachOut to be in default of its payment obligations under the Settlement Agreement.  *See* **Exhibit B**, Notice of Default, Apr. 15, 2020. The United States has received no response to that notice.

**CLAIM FOR RELIEF**

**<u>Count 1 – Breach of Contract</u>**

16.     The United States adopts by reference the allegations in Paragraphs 6-15.

17.     The Settlement Agreement specifies that it "is governed by the laws of the United States."  **Exhibit A**, Settlement Agreement ¶ 23.

18.     "The elements of a breach of contract claim under federal common law are: (1) a valid contract between the parties, (2) an obligation or duty arising out of the contract, (3) a breach of that duty, and (4) damages caused by the breach."  *Express Damage Restoration, LLC v. Wright Nat'l Flood Ins. Co.*, No. 1:19-cv-24127-JLK, 2019 WL 6699702, at *2 (S.D. Fla. Dec. 9, 2019) (citation and internal quotation marks omitted).

19.     On June 26, 2017, the United States and ReachOut confected a valid Settlement Agreement, in which the United States agreed to grant ReachOut a release of certain civil and administrative monetary claims in exchange for $1.262 million in consideration.  *See* **Exhibit A**, Settlement Agreement ¶¶ 1-6.

20.     As part of its obligations under the Settlement Agreement, ReachOut agreed to pay $1.262 million, plus accrued interest at the annual rate of 1.750% from the effective date of the

4

Settlement Agreement, to the United States by March 31, 2020. *See* **Exhibit A**, Settlement Agreement ¶¶ 1, 3.

21. ReachOut breached that obligation when it failed to make the required payment in full by March 31, 2020. In particular, ReachOut made a single payment of $262,000 on March 30, 2020, and has made no further payments toward the amounts owed under the Settlement Agreement.

22. Consistent with Paragraph 12 of the Settlement Agreement, ReachOut has been in default of its payment obligations to the United States since April 14, 2020. *See also* **Exhibit B**, Notice of Default, Apr. 15, 2020.

23. The United States has therefore incurred monetary damages in the form of unpaid principal and interest as a result of ReachOut's failure to meet its obligations under the Settlement Agreement.

## DEMAND FOR RELIEF

24. The United States requests that judgment be entered in its favor and against ReachOut for:

a. The unpaid balance of $1 million in principal owed to the United States under the Settlement Agreement;

b. Accrued pre-judgment interest of $1,991.27 from February 27, 2020, through March 30, 2020, plus prejudgment interest at the annual rate of 1.750% on the unpaid balance of $1 million in principal accruing thereafter through the date of judgment in this action;

c. Post-judgment interest at the rate provided under 28 U.S.C. § 1961 accruing from the date of judgment in this action; and

d. Such other legal and equitable relief as the Court deems just and appropriate.

5

Baton Rouge, Louisiana, this 17th day of June, 2020.

UNITED STATES OF AMERICA, by

BRANDON J. FREMIN
UNITED STATES ATTORNEY


/s/ Chase E. Zachary
Chase E. Zachary, LBN 37366
Assistant United States Attorney
777 Florida Street, Suite 208
Baton Rouge, Louisiana  70801
Telephone: (225) 389-0443
Fax: (225) 389-0685
E-mail: chase.zachary@usdoj.gov

6

## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into among the United States of America, acting through the United States Department of Justice and on behalf of the Office of Inspector General (OIG-HHS) of the Department of Health and Human Services (HHS) (collectively, the "United States"); the State of Louisiana, acting through the Louisiana Department of Justice Medicaid Fraud Control Unit (the "State of Louisiana"); ReachOut Healthcare America, Ltd. ("RHA"), Big Smiles Arizona, P.C. ("Big Smiles"), Elliot Schlang, D.D.S. ("Dr. Schlang"), and Gregory Folse, D.D.S. ("Dr. Folse") (collectively, "Defendants"); and Desirae Loupe ("Relator") (hereafter collectively referred to as the "Parties"), through their authorized representatives.

## RECITALS

A.      ReachOut Healthcare America, Ltd. ("ReachOut") is an administrative services organization for pediatric mobile dentistry that provides administrative and business services to dental practices throughout the United States. Elliot Schlang, D.D.S., is a dental consultant for ReachOut and is also a dental provider who contracts with ReachOut for administrative and business services related to pediatric mobile dentistry. Between 2008 and 2014, Gregory Folse, D.D.S., contracted with ReachOut for administrative and business services related to the provision of pediatric mobile dentistry services in Louisiana.

B.      On June 28, 2013, Relator filed a *qui tam* action in the United States District Court for the Middle District of Louisiana captioned *United States ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*, Civil Action No. 13-422-JWD-RLB, pursuant to the *qui tam* provisions of the False Claims Act, 31 U.S.C. § 3730(b) (the "Civil Action"). In her complaint,

Exhibit A

Relator alleges that Defendants submitted or caused the submission of false or fraudulent claims for payment for pediatric mobile dentistry services to the Louisiana Medicaid Program.

C.   The United States and the State of Louisiana contend that Defendants submitted or caused to be submitted claims for payment to the Medicaid Program, 42 U.S.C. §§ 1396-1396w-5 ("Medicaid").

D.   The United States and the State of Louisiana contend that they have certain civil claims against Defendants arising from the submission of claims for payment to the Louisiana Medicaid Program from October 1, 2008, to September 2, 2014, for medically unnecessary and substandard periapical dental x-rays, medically unnecessary dental crowns, and medically unnecessary dental spacers; and for incentivizing the aforementioned unnecessary dental work and the false or fraudulent billings through a bonus program for dentists and dental team members in Louisiana during the period from October 1, 2008, to September 2, 2014.  That conduct is referred to below as the "Covered Conduct."

E.   This Settlement Agreement is neither an admission of liability by Defendants nor a concession by the United States or the State of Louisiana that their claims are not well founded.

F.   Relator claims entitlement under 31 U.S.C. § 3730(d) to a share of the proceeds of this Settlement Agreement and to Relator's reasonable expenses, attorneys' fees, and costs.

To avoid the delay, uncertainty, inconvenience, and expense of protracted litigation of the above claims, and in consideration of the mutual promises and obligations of this Settlement Agreement, the Parties agree and covenant as follows:

## TERMS AND CONDITIONS

1.   Defendants shall pay to the United States and the State of Louisiana **$1,262,000.00** (ONE MILLION TWO HUNDRED SIXTY-TWO THOUSAND DOLLARS) (the "Settlement

**Settlement Agreement**
*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)
Page **2** of **20**

Amount"), of which $660,171.60 is restitution, no later than 5:00 P.M. Central Daylight Time on March 31, 2020, by electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the Middle District of Louisiana.

2. The amount of $826,231.40 shall constitute the federal proceeds of the Settlement Amount (the "Federal Share"), and the amount of $435,768.60 shall constitute the state proceeds of the Settlement Amount (the "State Share").

3. Defendants shall also pay interest on the Settlement Amount (the "Settlement Interest"), accruing at a rate of 1.750% from the Effective Date of this Agreement until the Settlement Amount is paid in full, by electronic funds transfer pursuant to written instructions to be provided by the Office of the United States Attorney for the Middle District of Louisiana. The proportion of 65.47% of the Settlement Interest shall constitute the federal proceeds of the Settlement Interest (the "Federal Interest Share"), and the proportion of 34.53% of the Settlement Interest shall constitute the state proceeds of the Settlement Interest (the "State Interest Share").

4. Conditioned upon the United States' receiving the Settlement Amount and the Settlement Interest from Defendants and as soon as feasible after receipt, the United States shall pay $165,246.28 (ONE HUNDRED SIXTY-FIVE THOUSAND TWO HUNDRED FORTY-SIX DOLLARS AND TWENTY-EIGHT CENTS) and 20% of the Federal Interest Share to Relator by electronic funds transfer.

5. Conditioned upon the State of Louisiana's receiving the Settlement Amount and the Settlement Interest from Defendants and as soon as feasible after receipt, the State of Louisiana shall pay $65,365.29 (SIXTY-FIVE THOUSAND THREE HUNDRED SIXTY-FIVE DOLLARS AND TWENTY-NINE CENTS) and 15% of the State Interest Share to Relator by electronic funds transfer.

**Settlement Agreement**
*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)
Page **3** of **20**

6. Subject to the exceptions in Paragraph 10 (concerning excluded claims) below, and conditioned on Defendants' full payment of the Settlement Amount and the Settlement Interest, the United States releases Defendants from any civil or administrative monetary claim the United States has for the Covered Conduct under the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

7. Subject to the exceptions in Paragraph 10 (concerning excluded claims) below, and conditioned upon Defendants' full payment of the Settlement Amount and the Settlement Interest, the State of Louisiana releases Defendants from any civil or administrative monetary claim the State of Louisiana has for the Covered Conduct as well as claims brought or that could have been brought for the subject time period under the Louisiana Medical Assistance Programs Integrity Law, La. R.S. 46:437.1 *et seq.* (MAPIL), or Louisiana state law theories of fraud, payment by mistake, unjust enrichment, disgorgement, and any other Louisiana state law theories of recovery.

8. Conditioned upon Defendants' full payment of the Settlement Amount and the Settlement Interest, Relator, for herself and for her heirs, successors, attorneys, agents, and assigns, fully and finally releases Dr. Schlang, Dr. Folse, Big Smiles, RHA, and RHA's predecessors, its direct and indirect subsidiaries, and each of its current and former directors, trustees, agents, officers, employees, representatives, attorneys, consultants, successors, heirs, executors, administrators, assigns, individually and collectively, (collectively, the "Defendant Individuals and Entities") from the beginning of time to the Effective Date of this Agreement, from any and all manner of claims that Relator has asserted or could have asserted, whether under seal or public, whether or not known now, anticipated, unanticipated, suspected or claimed, fixed or contingent, whether yet accrued or not and whether damage has resulted from such or not. Notwithstanding

**Settlement Agreement**

*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)

Page **4** of **20**

the generality of the foregoing, Relator specifically releases the Defendant Individuals and Entities from any and all manner of claims arising under, or arising from the filing of the Civil Action, or from any past activities and actions of the Defendant Individuals and Entities, and from any civil monetary claim the Relator has or may have on behalf of the United States under the False Claims Act, 31 U.S.C. §§ 3729-33, on behalf of the State of Louisiana under MAPIL, La. R.S. 46:437.1 *et seq.*, or on behalf of the United States or the State of Louisiana under any similar federal or state statute.  Relator's release of the Defendant Individuals and Entities as set forth in this Paragraph does not extend to any claim by Relator and/or her counsel for reasonable attorneys' fees, expenses, and costs resulting from the Civil Actions pursuant to 31 U.S.C. § 3730(d).  Relator's release of claims under 31 U.S.C. § 3730(d) is conditioned upon Defendants' payment of the amount described in the separate fee settlement agreement between Relator and Defendants. Notwithstanding the foregoing, nothing in this Paragraph shall be construed as releasing or otherwise affecting any rights of the United States.

9.     In consideration of the obligations of Defendants in this Agreement and conditioned upon Defendants' full payment of the Settlement Amount and the Settlement Interest, the State of Louisiana agrees to release and refrain from instituting, directing, or maintaining any administrative action seeking exclusion from Medicaid under MAPIL and related regulations for the Covered Conduct, except as reserved in this Paragraph and in Paragraph 10 (concerning excluded claims) below.  Nothing in this Paragraph precludes the State of Louisiana from taking action against entities or persons, or for conduct and practices, for which claims have been reserved in Paragraph 10 below.

10.     Notwithstanding the releases given in Paragraphs 6-9 of this Agreement, or any other term of this Agreement, the following claims of the United States are specifically reserved and are not released:

> a.     Any liability arising under Title 26, U.S. Code (Internal Revenue Code) and Title 47 of the Louisiana Revised Statutes (Louisiana Revenue Code);
>
> b.     Any criminal liability;
>
> c.     Except as explicitly stated in this Agreement, any administrative liability, including mandatory or permissive exclusion from Federal health care programs;
>
> d.     Any liability to the United States or Louisiana (or their agencies) for any conduct other than the Covered Conduct;
>
> e.     Any liability based upon obligations created by this Agreement;
>
> f.     Any liability of non-Defendant individuals;
>
> g.     Any liability for express or implied warranty claims or other claims for defective or deficient products or services, including quality of goods and services;
>
> h.     Any liability for failure to deliver goods or services due; and
>
> i.     Any liability for personal injury or property damage or for other consequential damages arising from the Covered Conduct.

11.     Relator and her heirs, successors, attorneys, agents, and assigns shall not object to the Agreement but agree and confirm that this Agreement is fair, adequate, and reasonable under all the circumstances, pursuant to 31 U.S.C. § 3730(c)(2)(B). Conditioned upon Relator's receipt of the payments described in Paragraphs 4 and 5, Relator and her heirs, successors, attorneys,

**Settlement Agreement**
*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)
Page **6** of **20**

agents, and assigns fully and finally release, waive, and forever discharge the United States and the State of Louisiana, their agencies, officers, agents, employees, and servants, from any claims arising from the filing of the Civil Action or under 31 U.S.C. § 3730 or MAPIL and from any claims to a share of the proceeds of this Agreement or the Civil Action.

12.     In the event that Defendants fail to pay any amount as provided in Paragraphs 1 and 3 within 10 business days of the date on which such payment is due, Defendants shall be in default of their payment obligations (Default). In the event of such Default, OIG-HHS may exclude Defendants from participating in all Federal health care programs until Defendants pay the Settlement Amount and the Settlement Interest. OIG-HHS will provide written notice of any such exclusion to Defendants. Defendants waive any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agree not to contest such exclusion either administratively or in any state or federal court. Reinstatement to program participation is not automatic. If at the end of the period of exclusion Defendants wish to apply for reinstatement, Defendants must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. Defendants will not be reinstated unless and until OIG-HHS approves such request for reinstatement.

13.     Defendants waive and shall not assert any defenses Defendants may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Agreement bars a remedy sought in such criminal prosecution or administrative action.

**Settlement Agreement**
*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)
Page 7 of **20**

14.    Defendants fully and finally release the United States and the State of Louisiana, their agencies, officers, agents, employees, and servants, from any claims (including attorneys' fees, costs, and expenses of every kind and however denominated) that Defendants have asserted, could have asserted, or may assert in the future against the United States and the State of Louisiana, their agencies, officers, agents, employees, and servants, related to the Covered Conduct and the United States' and the State of Louisiana's investigation and prosecution thereof.

15.    The Settlement Amount shall not be decreased as a result of the denial of claims for payment now being withheld from payment by any Medicare contractor (e.g., Medicare Administrative Contractor, fiscal intermediary, carrier) or any state payer, related to the Covered Conduct; and Defendants agree not to resubmit to any Medicare contractor or any state payer any previously denied claims related to the Covered Conduct, agree not to appeal any such denials of claims, and agree to withdraw any such pending appeals.

16.    Defendants agree to the following:

a.    Unallowable Costs Defined:    All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Defendants, their present or former officers, directors, employees, shareholders, and agents in connection with:

(1)    the matters covered by this Agreement;

(2)    the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

(3)    Defendants' investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in

**Settlement Agreement**
*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)
Page **8** of **20**

connection with the matters covered by this Agreement (including attorneys' fees);

(4)     the negotiation and performance of this Agreement;

(5)     the payment Defendants' make to the United States pursuant to this Agreement and any payments that Defendants may make to Relator, including costs and attorneys' fees,

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

b.     Future Treatment of Unallowable Costs:   Unallowable Costs shall be separately determined and accounted for by Defendants, and Defendants shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Defendants or any of their subsidiaries or affiliates to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c.     Treatment of Unallowable Costs Previously Submitted for Payment: Defendants further agree that within 90 days of the Effective Date of this Agreement they shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this Paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Defendants or any of their subsidiaries or affiliates, and shall request, and agree, that such cost reports, cost statements, information reports, or payment

**Settlement Agreement**
*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)
Page **9** of **20**

requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs. Defendants agree that the United States, at a minimum, shall be entitled to recoup from Defendants any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Defendants or any of their subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this Paragraph) on Defendants or any of their subsidiaries' or affiliates' cost reports, cost statements, or information reports.

d.       Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Defendants' books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this Paragraph.

17.      Defendants agree to cooperate fully and truthfully with the United States' investigation of individuals and entities not released in this Agreement. Upon reasonable notice, Defendants shall encourage, and agree not to impair, the cooperation of their directors, officers, and employees, and shall use their best efforts to make available, and encourage, the cooperation of former directors, officers, and employees for interviews and testimony, consistent with the rights and privileges of such individuals. Defendants further agree to furnish to the United States, upon request, complete and unredacted copies of all non-privileged documents, reports, memoranda of interviews, and records in their possession, custody, or control concerning any

investigation of the Covered Conduct that they have undertaken, or that has been performed by another on their behalf.

18.     This Agreement is intended to be for the benefit of the Parties only. The Parties do not release any claims against any other person or entity, except to the extent provided for in Paragraph 19 (waiver for beneficiaries paragraph) below.

19.     Defendants agree that they waive and shall not seek payment for any of the health care billings covered by this Agreement from any health care beneficiaries or their parents, sponsors, legally responsible individuals, or third-party payors based upon the claims defined as Covered Conduct.

20.     Upon receipt of the payments described in Paragraphs 1 and 3 above, the Parties shall promptly sign and file in the Civil Action a Joint Stipulation of Dismissal of the Civil Action pursuant to Rule 41(a)(1).

21.     Each Party shall bear its own legal and other costs incurred in connection with this matter, including the preparation and performance of this Agreement.

22.     Each Party and signatory to this Agreement represents that it freely and voluntarily enters into this Agreement without any degree of duress or compulsion.

23.     This Agreement is governed by the laws of the United States. The exclusive jurisdiction and venue for any dispute relating to this Agreement is the United States District Court for the Middle District of Louisiana. For purposes of construing this Agreement, this Agreement shall be deemed to have been drafted by all Parties to this Agreement and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

24.     This Agreement constitutes the complete agreement between the Parties. This Agreement may not be amended except by written consent of the Parties.

**Settlement Agreement**
*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)
Page **11** of **20**

25.    The undersigned counsel represent and warrant that they are fully authorized to execute this Agreement on behalf of the persons and entities indicated below.

26.    This Agreement may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same Agreement.

27.    This Agreement is binding on Defendants' successors, transferees, heirs, and assigns.

28.    This Agreement is binding on Relator's successors, transferees, heirs, and assigns.

29.    All parties consent to the United States' and the State of Louisiana's disclosure of this Agreement, and information about this Agreement, to the public. For the purpose of clarifying the parties' intent in entering into this Settlement Agreement, the parties agree that this Settlement Agreement is neither an admission of liability by Defendants nor a concession by the United States or the State of Louisiana that their claims are not well founded.

30.    This Agreement is effective on the date of signature of the last signatory to the Agreement (the "Effective Date"). Facsimiles and electronic transmissions of signatures shall constitute acceptable, binding signatures for purposes of this Agreement.

## THE UNITED STATES OF AMERICA

BRANDON J. FREMIN
UNITED STATES ATTORNEY

DATED: 2/27/2020          BY: _Chase E. Zachary_
                              CHASE E. ZACHARY
                              Assistant United States Attorney
                              Middle District of Louisiana

## THE UNITED STATES OF AMERICA

DATED: 02/27/2020   BY: *Lisa M Re*

LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
United States Department of Health and Human Services

**THE STATE OF LOUISIANA**

DATED: 1|9|2020       BY: _____

JODI E. LEJEUNE, DIRECTOR
Medicaid Fraud Control Unit
Louisiana Office of the Attorney General

**Settlement Agreement**
*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)
Page **15** of **20**

**REACHOUT HEALTHCARE AMERICA, LTD.**

DATED: 2/10/2020    BY: _____

STEVE HIGGINBOTHAM, for
REACHOUT HEALTHCARE AMERICA, LTD.


DATED: _____    BY: _____

RUSSELL HAYMAN
Attorney for ReachOut Healthcare America, Ltd.

**REACHOUT HEALTHCARE AMERICA, LTD.**

DATED: _____     BY: _____

STEVE HIGGINBOTHAM, for
REACHOUT HEALTHCARE AMERICA, LTD.

DATED: February 11, 2020     BY: _____

RUSSELL HAYMAN

Attorney for ReachOut Healthcare America, Ltd.

## ELLIOT SCHLANG, D.D.S.

DATED: __1/13/2020__    BY: _____
                             ELLIOT SCHLANG, D.D.S.

DATED: _____    BY: _____
                          RUSSELL HAYMAN
                          Attorney for Elliot Schlang, D.D.S.

**ELLIOT SCHLANG, D.D.S.**

DATED: _____     BY: _____

ELLIOT SCHLANG, D.D.S.

DATED: February 11, 2020    BY: _____

RUSSELL HAYMAN

Attorney for Elliot Schlang, D.D.S.

**Settlement Agreement**

*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)
Page **17** of **20**

**BIG SMILES ARIZONA, P.C.**

DATED: 1/13/2020   BY: _Elliot Schlang DDr_
                        ELLIOT SCHLANG, D.Ø.S., for
                        BIG SMILES ARIZONA, P.C.


DATED: _____   BY: _____
                        RUSSELL HAYMAN
                        Attorney for Big Smiles Arizona, P.C.

**BIG SMILES ARIZONA, P.C.**

DATED: _____     BY: _____
                             ELLIOT SCHLANG, D.D.S., for
                             BIG SMILES ARIZONA, P.C.

DATED: February 11, 2020   BY: _____
                             RUSSELL HAYMAN
                             Attorney for Big Smiles Arizona, P.C.

**GREGORY FOLSE, D.D.S.**

DATED: 2/13/2020        BY: _____
                            GREGORY FOLSE, D.D.S.


DATED: 2/13/2020        BY: _____
                            S. DENNIS BLUNT
                            Attorney for Gregory Folse, D.D.S.

**DESIRAE LOUPE**

DATED: 1/24/20        BY: _____
                          DESIRAE LOUPE
                          Relator

DATED: 1/24/20        BY: _____
                          NICHOLAS ROCKFORTE
                          Attorney for Desirae Loupe

Settlement Agreement
*United States of America ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*
Civil Action No. 13-422-JWD-RLB (M.D. La.)
Page 20 of 20

**U.S. Department of Justice**

*Brandon J. Fremin*
*United States Attorney*
*Middle District of Louisiana*

---

| *Russell B. Long Federal Building* | *Telephone: (225) 389-0443* |
|---|---|
| *777 Florida Street, Suite 208* | *Fax: (225) 389-0685* |
| *Baton Rouge, Louisiana 70801-1717* | |

April 15, 2020

**<u>VIA EMAIL ONLY</u>**
rhayman@mwe.com

Russell Hayman
McDermott Will & Emery LLP
2049 Century Park East, 32nd Floor
Los Angeles, CA 90067-3218

  Re:  **<u>NOTICE OF DEFAULT – ReachOut Healthcare America, Ltd.</u>**
     USAO File No. 2013V00123

Russ:

   This letter provides notice that the United States considers your client, ReachOut Healthcare America, Ltd. ("ReachOut"), to be in default of its payment obligations under the February 27, 2020, Settlement Agreement (the "Settlement Agreement") in Civil Action No. 13-422-JWD-RLB, *United States ex rel. Desirae Loupe v. ReachOut Healthcare America, Ltd., et al.*, in the U.S. District Court for the Middle District of Louisiana (the "Civil Action").

   As you are aware, Paragraphs 1 and 3 of the Settlement Agreement require the defendants in the Civil Action, including ReachOut, to fully pay $1.262 million, plus interest, to the United States and the State of Louisiana by 5:00 P.M. Central Daylight Time on March 31, 2020. To-date, the United States has only received $262,000 in settlement payments. The outstanding balance on ReachOut's debt to the United States, as of today, is $1,002,757.82. Because more than 10 business days have elapsed since the payment deadline, ReachOut is now in default in accordance with Paragraph 12 of the Settlement Agreement.

   The United States reserves and is prepared to exercise at any time all rights available by law or in equity, including (but not limited) those rights and remedies available to the Government under the Federal Debt Collection Procedures Act, 28 U.S.C. § 3001 *et seq.* Further, under Paragraph 12 of the Settlement Agreement, the Office of Inspector General of the U.S. Department of Health and Human Services ("OIG-HHS") may, in its discretion, exclude ReachOut from participating in all federal health care programs until the amounts due under the Settlement Agreement have been paid.

Exhibit B

Russell Hayman
April 15, 2020
Page **2** of **2**

     If you wish to discuss this matter further, please feel free to contact me by email (chase.zachary@usdoj.gov) or by phone (225-326-2460).

                Sincerely,

                BRANDON J. FREMIN
                UNITED STATES ATTORNEY

                Chase E. Zachary
                Chase E. Zachary
                Assistant United States Attorney

cc:    **Brandon Roker (via email)**
       **Nicholas Diez (via email)**

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.  *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

United States of America

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Chase E. Zachary, Assistant U.S. Attorney
U.S. Attorney's Office, Middle District of Louisiana
777 Florida St., Ste. 208, Baton Rouge, LA 70801 (225-389-0443)

## DEFENDANTS

ReachOut Healthcare America, Ltd.

County of Residence of First Listed Defendant   Oakland County, MI
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF
        THE TRACT OF LAND INVOLVED.

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1  U.S. Government Plaintiff
☐ 2  U.S. Government Defendant
☐ 3  Federal Question  *(U.S. Government Not a Party)*
☐ 4  Diversity  *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | Pharmaceutical Personal Injury | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from Another District *(specify)*
☐ 6 Multidistrict Litigation - Transfer
☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. 1345
Brief description of cause:
Breach of settlement agreement

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** 1,000,000.00

CHECK YES only if demanded in complaint:
**JURY DEMAND:**  ☐ Yes  ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*
JUDGE _____   DOCKET NUMBER _____

DATE   06/17/2020

SIGNATURE OF ATTORNEY OF RECORD   /s/ Chase E. Zachary

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Middle District of Louisiana

| | |
|---|---|
| United States of America | ) |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No.  3:20-cv-00378 |
| | ) |
| ReachOut Healthcare America, Ltd. | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*   ReachOut Healthcare America, Ltd.
33533 W. Twelve Mile Rd., Suite 150
Farmington Hills, MI 48331

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   Chase E. Zachary
Assistant United States Attorney
777 Florida St., Ste. 208
Baton Rouge, LA 70801

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____        _____
                                                                   *Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.   3:20-cv-00378

**PROOF OF SERVICE**

***(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))***

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❑ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❑ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❑ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❑ I returned the summons unexecuted because _____ ; or

❑ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: